UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANICE M. KUCINSKAS,

    Plaintiff,

vs.                                                  Case No.  3:04-cv-1041-J-MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Consent Petition for Attorney Fees (Doc. 22) filed March 1, 2006.  Plaintiff's counsel certifies the Commissioner has no objection to the motion or to the amount of the requested fee.  (Doc. 22, ¶8).  This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Docs. 20 and 21).

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

    1. <u>Prevailing Party</u>

The Judgment in this case (Doc. 21), filed on January 31, 2006, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

    2. <u>Timely Application</u>

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  <u>See</u> <u>Shalala</u>, 509 U.S. at 297-98, 113 S.Ct. at 2629; <u>Jackson v. Chater</u>, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on January 31, 2006, and the Petition was filed on March 1, 2006, twenty-eight days later.  Accordingly, the Petition was timely filed.

### 3. Claimant's Net Worth

Plaintiff asserts that her net worth was less than $2 million at the time this proceeding was filed and the Commissioner does not contest. Accordingly, the Court finds this requirement satisfied.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of her position as a whole. See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified. In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds her position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

## B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $3,758.18 in attorney's fees, representing 23.65 hours at hourly rates of $155.35 for work performed in 2004 and $159.60 for work performed in 2005 and 2006. (Doc. 22).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate.  The Commissioner does not oppose Plaintiff's proposed hourly rates of $155.35 for work performed in 2004 and $159.60 for work performed in 2005 and 2006.  However, in demonstrating how she arrived at the hourly rate for 2004, Plaintiff reached a rate of $151.65.  (Doc. 22, p.2, n.1).  Because Plaintiff provides no support for the hourly rate of $155.35, the Court will use the lesser rate of $151.65 for work performed in 2004 and the $159.60 rate for work in 2005 and 2006.  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. §406(b)(1).  There is no contention here that the claimed fee would exceed that amount.

The Plaintiff seeks an award based on 23.65 hours of attorney time.  The Court believes 23.65 hours of attorney time is reasonable in this case.  Therefore, the Court finds $3,743.93 ($151.65 x 3.85 hours plus $159.60 x 19.8 hours) is a reasonable fee in this case.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.  Plaintiff's Consent Petition for Attorney's Fees  (Doc. 22) is **GRANTED**.

2.  The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,743.93 in attorney's fees.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of March, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record